UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CAREY LOUIS HOOD (#299810)

VERSUS                                            CIVIL ACTION

DAVID VOORHIES, ET AL                             NUMBER 10-158-JVP-SCR

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.
    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, March 11, 2010.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


CAREY LOUIS HOOD (#299810)

VERSUS                                                         CIVIL ACTION

DAVID VOORHIES, ET AL                                          NUMBER 10-158-JVP-SCR


MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate confined at Louisiana State Penitentiary, Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Louisiana Department of Public Safety and Corrections Secretary James LeBlanc, Warden N. Burl Cain and Maj. David Voorhies.  Plaintiff alleged that he was subjected to unconstitutional conditions of confinement and he was denied adequate medical treatment in violation of his constitutional rights.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992);

*Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.; Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that on March 17, 2009, he was placed in administrative segregation pending a hearing on a disciplinary rule violation. Plaintiff alleged that on March 19, he was found guilty of the disciplinary infraction and was sentenced to Camp J extended lockdown. Plaintiff alleged that between March 17, 2009, and April 16, 2009, he was denied basic human needs. Specifically, the plaintiff alleged that during this period he was not permitted to exercise outside of his cell, he was not provided cleaning supplies to clean his cell, the shower had mold and mildew on the walls and floor, he did not receive a clean jumpsuit each day, and he did not receive a towel, toothbrush, toothpaste, sheets or blanket. Plaintiff alleged that he complained about the conditions to Maj. Voohries who said he would take corrective action but he failed to do so.

Subsection (e) of 42 U.S.C. § 1997e provides:

(e) Limitation on recovery. No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

A review of the plaintiff's allegations showed that the plaintiff failed to allege that he sustained any physical injury as a result of the alleged unconstitutional conditions of confinement.

Plaintiff further alleged that he sustained an injury to his right knee prior to being incarcerated. Plaintiff alleged that he was issued a medical duty status because of arthritis in the knee. Plaintiff alleged that he suffers from migraine headaches, neck and back pain, stomach cramps, constipation, difficulty sleeping and weight loss. Plaintiff alleged that he made numerous sick call requests and has been examined by doctors. Plaintiff alleged that he was prescribed medication but the medication has not resolved his problems. Plaintiff alleged that he is awaiting follow-up treatment for his knee.

Plaintiff named Secretary LeBlanc, Warden Cain and Maj. Voohries as defendants but failed to allege any facts against them regarding the denial of medical treatment. To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*,

718 F.2d 756 (5th Cir. 1983). Plaintiff's allegation that Secretary LeBlanc and Warden Cain are responsible for the actions of their subordinates is insufficient to state a claim under § 1983. *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018 (1978).

Even if the plaintiff had named as a defendant the medical personnel responsible for diagnosing and treating his condition, the plaintiff's medical indifference claim would nonetheless be subject to dismissal as frivolous.

To prevail on an Eighth Amendment claim for deprivation of medical care a prisoner must prove that the care was denied and that the denial constituted "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1976); *Johnson v. Treen*, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment he felt he should have is not the issue. *Estelle v. Gamble*, supra; *Woodall v. Foti*, 648 F.2d 268 (5th Cir. 1981). Unsuccessful medical treatment does not give rise to a Section 1983 cause of action. *Varnado v. Lynaugh*, 920 F.2d 320 (5th Cir. 1991), *Johnson v. Treen, supra*. Negligence, neglect or medical malpractice does not rise to the level of a constitutional violation. *Varnado, supra*.

Plaintiff's dissatisfaction with the treatment received or the fact that the medical treatment provided was unsuccessful does not rise to the level of a constitutional violation.

Because it is clear that the plaintiff's claims have no arguable basis in fact or in law the complaint should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed as frivolous pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Baton Rouge, Louisiana, March 11, 2010.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE